# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOAN NEBEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 16 cv 4613 |
| v. | ) |
| | ) Judge Sharon Johnson Coleman |
| OAKTON COMMUNITY COLLEGE and | ) |
| GERALD MODORY, individually, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Joan Nebel filed a three-count First Amended Complaint, alleging retaliation in violation of Title VII and defamation *per se*. Defendant Gerald Modory moves to dismiss Count III for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for defamation *per se* [17]. For the reasons stated herein, the Court grants the motion.

**Background**

The following is a summary of the allegations in the First Amended Complaint. Oakton Community College ("OCC") employed Joan Nebel in the Department of Public Safety ("DPS") from 2002 until her termination in June 2015. Gerald Modory is the current Training Officer in the Department of Public Safety at OCC.

In October 2014, Nebel informed Michael Anthony, OCC's Assistant Vice President, Access, Equity, and Diversity as well as the Title IX Coordinator that one of the female cadets had complained of gender discrimination. Nebel also informed her superiors of other complaints of sexual harassment and gender discrimination. She also informed OCC of an act of insubordination by Officer Gerry Modory ("Modory") that occurred on June 28, 2014, while she was the acting Chief of Police for DPS. The complaint alleges that in July 2014, Officer Modory called her a

"bitch" in a training session and said "I'm not going to listen to a word she says. I don't like her and I'm never going to respect her." Nebel complained to her supervisor George Carpenter. Modory was never disciplined for either incident.

Nebel alleges that OCC retaliated against her for complaining by failing to promote her to Chief of DPS when the position became available and she was Acting Chief. She further claims that her termination from employment on June 2, 2015, was in retaliation for her complaints about gender discrimination and harassment. Following her termination from employment, Nebel alleges that OCC and Modory defamed her when Modory altered a flyer for a training seminar to include a photograph of Nebel. According to her complaint, which includes the flyer as an attachment, is defamatory because her photograph appears next to the title of the seminar, "Problem Employees and the Games They Play." The complaint further alleges that Nebel's photograph in conjunction with the seminar's title and description of providing tips for dealing with employees who engage in gossip and rumors intentionally conveys the impression that Nebel is a problem employee who engaged in this conduct. Although the seminar took place in November 2015, the complaint alleges that Modory still has it posted around OCC.

**Legal Standard**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 62, 678 (2009). The plaintiff does not need to provide detailed factual allegations, but must provide enough factual support to raise her right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When reviewing a motion to dismiss, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Pisciota v. Old Nat. Bancorp*, 449 F.3d 629, 633 (7th Cir. 2007).

**Discussion**

Modory moves to dismiss Count III, arguing that the First Amended Complaint fails to state a claim for defamation *per se* because the flyer requires extrinsic evidence to convey a defamatory message, Nebel is not identified or specifically referenced in the flyer, the statements are capable of innocent construction, and the flyer contains constitutionally protected opinion speech.

"Words are considered defamatory *per se* in Illinois if they: (1) impute the commission of a criminal offense; (2) impute infection with a loathsome communicable disease; (3) impute inability to perform or want of integrity in the discharge of duties of office or employment; or (4) prejudice a party, or impute lack of ability, in his trade, profession or business." *Mittelman v. Witous*, 135 Ill. 2d 220, 238-39, 552 N.E.2d 973 (Ill. 1989). The Illinois Supreme Court in *Chapski v. Copley Press*, 92 Ill. 2d 344, 352, 442 N.E.2d 195 (Ill. 1982), articulated a modified innocent construction rule:

> [A] written or oral statement is to be considered in context, with the words and the implications therefrom given their natural and obvious meaning; if, as so construed, the statement may reasonably be innocently interpreted or reasonably be interpreted as referring to someone other than the plaintiff it cannot be actionable per se.

"Whether a statement is capable of an innocent construction is a question of law." *Anderson v. Vanden Dorpel*, 172 Ill. 2d 399, 413, 667 N.E.2d 1296 (Ill. 1996).

Here, Nebel claims that the statements contained in the flyer with her picture are defamatory and are not reasonably capable of an innocent construction. In order to understand the flyer in the manner that Nebel suggests, this Court and any audience would have to know that she had been terminated from her employment and had sued the organization. Nothing about this photograph suggests that she is one of the problem employees being referred to in the content of the flyer. Nebel is not identified by name and the image of her next to the headline shows her in uniform and smiling. Those are extrinsic facts that are not contained in the context of the flyer. "Extrinsic facts are not part of *per se* analysis." *Mittleman,* 135 Ill. 2d at 234. Without the use of extrinsic facts, the lack of connection between the unnamed photograph and the seminar topic leaves the possibility of

innocent construction. Accordingly, this Court finds that the statements in the flyer are not actionable *per se*.

Because this Court finds that the statements in context are reasonably capable of an innocent construction, this Court need not consider whether the statements are also statements of opinion protected by the First Amendment.

Accordingly, based on the foregoing, Modory's motion to dismiss Count III of the First Amended Complaint [17] is granted.

IT IS SO ORDERED.

Date: November 7, 2016

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge