# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOAN NEBEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 16 cv 4613 |
| v. | ) |
| | ) Judge Sharon Johnson Coleman |
| OAKTON COMMUNITY COLLEGE and | ) |
| GERALD MODORY, individually, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Joan Nebel filed a three-count First Amended Complaint, alleging retaliation in violation of Title VII and defamation *per se*. Defendant Oakton Community College moves for summary judgment on Count II, which alleges defamation *per se* [47]. For the reasons stated herein, the Court grants the motion.

**Background**

The following facts are undisputed. Plaintiff Joan Nebel worked for defendant Oakton Community College ("OCC") from 2002 until her termination in June 2015. Nebel was an "employee" and OCC was an "employer" within the meaning of Title VII and Illinois common law. OCC still employs individual defendant Gerald Modory.

After Nebel's termination, OCC had notice that Modory posted a printed flyer purporting to advertise a seminar entitled, "Problem Employees and the Games They Play." A photograph of Nebel appears next to the title on the flyer. The flyer also depicted a photograph of a male former OCC employee. OCC terminated the male employee approximately a year before Nebel. He had also sued OCC. According to the flyer, seminar attendees would learn "what games are actually

being played and why problem employees are motivated to play these games." The seminar also touted techniques for addressing gossip and rumors.

Counts II and III of the First Amended Complaint both allege defamation *per se*. Count II is against OCC and Count III is against Modory individually. On November 7, 2016, this Court dismissed Count III against Modory, finding that the flyer was not actionable as defamation *per se*. *Nebel v. Oakton Community College and Gerald Modory,* No. 1:16-cv-04613 (N.D. Ill. Nov. 7, 2016) (order granting partial motion to dismiss). Now, OCC moves for judgment as a matter of law, claiming that it is entitled to summary judgment in its favor on Count II for the same reasons this Court dismissed Count III.

**Legal Standard**

Summary judgment is proper when "the admissible evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *McGreal v. Vill. of Orland Park*, 850 F.3d 308, 312 (7th Cir. 2017), *reh'g denied* (Mar. 27, 2017) (quoting *Hanover Ins. Co. v. N. Bldg. Co.*, 751 F.3d 788, 791 (7th Cir. 2014)); Fed. R. Civ. P. 56(a). In deciding whether summary judgment is appropriate, this Court accepts the nonmoving party's evidence as true and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 244, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

**Discussion**

OCC moves for summary judgment on Count II, arguing that there is no genuine issue of material fact on Nebel's claim of defamation *per se* because this Court has already found that the flyer does not constitute actionable defamation.

A statement is defamatory *per se* if the harm is "obvious and apparent on its face." *Green v. Rogers,* 234 Ill. 2d 478, 491, 917 N.E. 2d 450, 334 Ill. Dec. 624 (2009). Under Illinois law, statements are not actionable as *per se* defamation where the statement is capable of an innocent construction.

*Chapski v. Copley Press*, 92 Ill. 2d 344, 352, 442 N.E.2d 195 (Ill. 1982). "[A] statement 'reasonably' capable of a nondefamatory interpretation, given its verbal or literary context, should be so interpreted. There is no balancing of reasonable constructions…." *Antonacci v. Seyfarth Shaw, LLP*, 2015 IL App (1st) 142372, ¶ 24, 39 N.E.3d 225, 235, *appeal denied sub nom. Antonacci v. Seyfarth Shaw, LLC*, 42 N.E.3d 369 (Ill. 2015) (quoting *Mittelman v. Witous,* 135 Ill.2d 220, 232, 142 Ill.Dec. 232, 552 N.E.2d 973 (1989), *abrogated on other grounds by Kuwik v. Starmark Star Marketing & Administration, Inc.,* 156 Ill.2d 16, 188 Ill.Dec. 765, 619 N.E.2d 129 (1993)). "Whether a statement is capable of an innocent construction is a question of law." *Anderson v. Vanden Dorpel*, 172 Ill. 2d 399, 413, 667 N.E.2d 1296 (Ill. 1996).

Here, OCC argues that it is entitled to judgment as a matter of law because this Court already found that the statements that Nebel claim are defamatory are not actionable. Nebel responds that this Court should deny the motion because OCC neither joined Modory's Motion to Dismiss nor has discovery been completed. Yet, Nebel points to no dispute of fact or any possible evidence that might be gleaned from discovery to create such an issue for a jury. Nebel further relies on the arguments she made in opposition to Modory's motion to dismiss, which this Court found unpersuasive on a lower standard of review. Once the moving party meets its burden to demonstrate the absence of a genuine issue of material fact, the nonmoving party "must go beyond the pleadings" and identify portions of the record demonstrating that a material fact is genuinely disputed. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986) (internal quotations omitted); Fed. R. Civ. P. 56(c). This Court has already found that the statements in the flyer are not actionable as defamation per se because without the use of extrinsic facts, the lack of connection between the unnamed photograph and the seminar topic leaves the possibility of innocent construction.

Because this Court finds that the statements in context are reasonably capable of an innocent construction and there is no dispute of fact, this Court finds that OCC is entitled to judgment as a matter of law. Accordingly, based on the foregoing, OCC's motion for summary judgment on Count II of the First Amended Complaint [47] is granted.

IT IS SO ORDERED.

Date: May 11, 2017

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge